David F. DAWSON, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 168, 2001.

Supreme Court of Delaware.

Submitted: April 20, 2001.

Decided: April 23, 2001.

Kevin J. O'Connell, Esquire, Wilmington, Delaware, for appellant.

Loren C. Meyers, Esquire, Chief of Appeals Division, Deputy Attorney General, Department of Justice, Wilmington, Delaware, for appellee.

Before VEASEY, C.J., WALSH, HOLLAND, and STEELE, JJ., and JACOBS, Vice Chancellor,* constituting the Court En Banc.

PER CURIAM:

This is an appeal from a Superior Court denial of postconviction relief in a capital murder case. The appellant, David F. Dawson ("Dawson"), is scheduled for execution on April 26, 2001. The extensive background of the proceedings that culminated in Dawson's death sentence is set forth in a previous decision of this Court that denied Dawson's earlier petition for postconviction relief. *See Dawson v. State*, Del.Supr., 673 A.2d 1186 (1996).

In his latest petition for postconviction relief, Dawson contends that the 1991 legislative amendment to Delaware's death penalty statute, 11 *Del.C.* § 4209, which changed the procedure for the imposition of the death penalty, does not

---

* Sitting by designation pursuant to Del. Const.,   art. IV, § 12, and Supr.Ct.R. 2.

apply to him because he was found guilty prior to the effective date of the legislation but, after appeal, was granted a new penalty hearing. That penalty hearing, and sentencing, occurred after the passage of the amendment. Dawson argued that the General Assembly did not intend the new procedure to apply to defendants facing sentencing only. The Superior Court rejected Dawson's claim on the ground it was procedurally barred under Superior Court Criminal Rule 61(i)(2) (precluding consideration of any claim not previously asserted in a postconviction motion). The Superior Court further concluded that Dawson's motion was not entitled to consideration under the "interests of justice exception" as permitted by Rule 61(i)(4). We agree with the Superior Court and hold that, as a matter of Delaware law, Dawson's claim is procedurally barred under Rule 61(i)(2). *See Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983).

Alternatively, we hold Dawson's claim that the General Assembly did not intend to apply the new sentencing procedure to cases such as his where only subsequent sentencing was involved is without merit and foreclosed by our decision in *State v. Cohen*, Del.Supr., 604 A.2d 846, 849 (1992). This alternative holding, based upon our prior construction of the Delaware statute, is an independent basis for our conclusion to deny Dawson's present request for relief. *See Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983).

The judgment of the Superior Court is AFFIRMED. Appellant's motion for stay is DENIED as moot.